**THE DISTRICT COURT OF GUAM**

| | |
|---|---|
| SHERIF A. PHILIPS, MD, | CIVIL CASE NO. 23-00017 |
| Plaintiff, | |
| vs. | **ORDER ADOPTING REPORT AND RECOMMENDATION** |
| MICHAEL BERMAN and DANIEL BERMAN, | |
| Defendants. | |

Before the court is Plaintiff Sherif A. Philips' Objection to the U.S. Magistrate Judge's Report & Recommendation (the "Objection") (ECF No. 42), Rule 59 Motion (ECF No. 43), and Motion to Strike Defendants' Opposition (ECF No. 47). The court has reviewed the record and relevant law and deems this matter suitable for submission without oral argument.

The court hereby **DENIES** the Plaintiff's Objection, **ADOPTS** the U.S. Magistrate Judge's Report & Recommendation (the "R&R") in its entirety, and **DENIES** the Plaintiff's Rule 59 Motion and Motion to Strike.

## I.    FACTUAL AND PROCEDURAL BACKGROUND[1]

The factual background is thoroughly recounted in the R&R. R. & R. at 1-4, ECF No. 40. The court will adopt the factual background in the R&R as there have been no objections to it. For the purposes of this order, the court will recount facts relevant to the Objection.

---

[1] Page citation herein is based on the CM/ECF page numbering system.

In 2004, the Plaintiff's medical staff privileges at Pitt County Memorial Hospital ("PCMH") in North Carolina were suspended by PCMH's Board of Trustees after the Plaintiff was named as a defendant in a medical malpractice suit for the death of a patient and for failure to maintain medical records. *Philips v. Guam Cts.*, No. CV 22-00014, 2022 WL 17551558, at *1 (D. Guam Dec. 9, 2022), *aff'd sub nom. Philips v. Judiciary of Guam*, No. 22-16919, 2023 WL 4994523 (9th Cir. Aug. 4, 2023) ("*Philips VII*").

The Plaintiff subsequently filed numerous lawsuits in this court, the United States District Court for the Eastern District of North Carolina, and North Carolina state courts, most of which were dismissed. *Philips v. Pitt Cnty. Mem'l Hosp., Inc.*, 503 F. Supp. 2d 776 (E.D.N.C. 2007), *aff'd*, 572 F.3d 176 (4th Cir. 2009) ("*Philips I*"); *Philips v. Pitt Cnty. Mem'l Hosp., Inc.*, 503 F. Supp. 2d 785 (E.D.N.C. 2007), *aff'd*, 572 F.3d 176 (4th Cir. 2009) ("*Philips II*"); *Philips v. Pitt Cnty. Mem'l Hosp. Inc.*, 731 S.E.2d 462, 466 (N.C. Ct. App. 2012), *writ denied, review denied, appeal dismissed*, 734 S.E.2d 862 (N.C. 2012) ("*Philips III*"); *Philips v. N. Carolina State*, No. 5:15-CV-95-F, 2015 WL 9462095, at *7 (E.D.N.C. Dec. 28, 2015), *aff'd*, 667 F. App'x 419 (4th Cir. 2016) (dismissing the case with prejudice) ("*Philips IV*"); *Philips v. Pitt Cnty. Mem'l Hosp., Inc.*, No. CV 18-00046, 2019 WL 5963927, at *1 (D. Guam Nov. 13, 2019), *aff'd*, 855 Fed. Appx. 324 (9th Cir. 2021), *cert. denied*, 142 S. Ct. 2710 (2022) ("*Philips V*"); and *Philips VII*, 2022 WL 17551558.[2]

In an action by the Plaintiff against PCMH and four physicians for revoking the Plaintiff's admitting and staff privileges, the North Carolina state court granted summary judgment in favor of PCMH. *See Philips III*, 775 S.E.2d at 883. PCMH was subsequently awarded attorney's fees in the amount of $444,554.45. *Philips v. Pitt Cnty. Mem'l. Hosp., Inc.*, 775 S.E.2d 882, 883 (N.C.

---

[2] For a detailed discussion of the events see *Philips V*, 2019 WL 5963927.

App. 2015). The Plaintiff appealed the award, and the North Carolina Court of Appeals affirmed the trial court's award of attorney's fees in favor of PCMH. *Id.* The North Carolina Supreme Court denied the Plaintiff's request for reconsideration. *Philips v. Pitt Cnty. Mem'l. Hosp., Inc.*, 778 S.E.2d 84 (N.C. 2015).

In May 2018, PCMH filed a complaint in the Superior Court of Guam to enforce the North Carolina state court judgment that awarded PCMH attorney's fees and costs. *See Pitt Cnty. Mem'l Hosp. v. Philips*, Superior Court of Guam Civil Case No. 0478-18 (the "Enforcement Action"). The Superior Court of Guam entered a judgment against the Plaintiff. *See RSA-Tumon, LLC v. Pitt Cnty. Mem'l Hosp. Inc.*, No. CV 20-00025, 2021 WL 1215777, at *1 (D. Guam Mar. 30, 2021) ("*Philips VI*"). On June 16, 2022, the Plaintiff again filed a complaint in this court against the Judiciary of Guam. *See Philips VII*, 2022 WL 17551558, at *2.

On June 20, 2023, the Plaintiff initiated the instant action and filed a complaint against Attorneys Michael Berman and Daniel Berman, the Defendants,[3] for "Due Process, Tort, Slander, Harassment, Fraud, Defamation [*sic*] Fraud in the Court and Injunction [*sic*] Relief[.]" Compl., ECF No. 1 ("*Philips VIII*"). On July 17, 2023, the Defendants filed a Motion to Dismiss along with a supporting memorandum and declaration. Mot., ECF No. 6; Memo., ECF No. 7; and Decl., ECF No. 8. On July 24, 2023, the Plaintiff filed a reply to the Defendants' Motion to Dismiss and requested a "Consolidated [*sic*] and Mandate to Transfer To [*sic*] 9th [*sic*] Circuit Court of Appeal." Reply, ECF No. 11.

On August 7, 2023, the Defendants filed a response to the Plaintiff's reply to the Motion to Dismiss. Reply, ECF No. 12. On August 9, 2023, the Defendants filed a Motion for Sanctions

---

[3] The Defendants have been PCMH's counsel in Guam for every action PCMH has been involved in pertaining to the Plaintiff, including the Enforcement Action. *See* Reply at 6, ECF No. 12.

seeking all costs and legal expenses from the Plaintiff associated with the preparation of the Motion for Sanctions, the Motion to Dismiss, the Opposition to the Plaintiff's Motion to Strike, and the supporting documents.[4] Mot., ECF No. 14 and Memo. at 11, ECF No. 15.

On April 4, 2024, the U.S. Magistrate Judge filed an R&R addressing three pending motions: (1) the Defendants' Motion to Dismiss, (2) Motion for Sanctions, and (3) Motions for Judicial Notice. Mots., ECF Nos. 6, 14, 21, 25, and 27; and R. & R., ECF No. 40. The U.S. Magistrate Judge recommends that the court grant the Defendants' Motion to Dismiss Pursuant to Rule 12(b)(1) because the court lacks subject matter jurisdiction and deny the Plaintiff the ability to file an amended complaint because it would be futile. *Id.* at 17-18. If the recommendation to grant the Defendants' Motion to Dismiss is adopted by this court, the U.S. Magistrate Judge also recommends sanctioning the Plaintiff under Rule 11(c)(1) and order the Plaintiff to pay the Defendants' reasonable fees and costs in defending this action. *Id.* at 18. Lastly, the U.S. Magistrate Judge recommends that the court grant the Defendants' Motions for Judicial Notice. *Id.*

On April 8, 2024, the Plaintiff filed an Opposition to the R&R. Opp'n, ECF No. 42. On April 24, 2024, the Defendants filed a Reply to Plaintiff's Opposition to the R&R. Reply, ECF No. 46.

On April 8, 2024, the Plaintiff filed a Rule 59 Motion. Mot., ECF No. 43. On April 23, 2024, the Defendants filed an Opposition to the Rule 59 Motion. Mot., ECF No. 45.

---

[4] The Defendants complied with the safe harbor rule under Rule 11(c)(2). The Defendants served the Plaintiff Notice of Safe Harbor on July 3, 2023, the 21-day safe harbor period passed, and the Plaintiff did not withdraw or amend his complaint. Decl., ECF No. 16. Therefore, the Defendants' Motion for Sanctions was properly and timely submitted.

On April 29, 2024, the Plaintiff filed a Motion to Strike the Defendants' Opposition to the Plaintiff's Opposition to the R&R and the Defendants' Opposition to the Rule 59 Motion. Mot., ECF No. 47. On May 20, 2024, the Defendants filed an Opposition to the Plaintiff's Motion to Strike. Opp'n, ECF No. 48. On May 24, 2024, the Plaintiff filed a Response to the Defendants' Opposition to the Plaintiff's Motion to Strike. Response, ECF No. 49.

On June 10, 2024, the Plaintiff filed a Fourth Memorandum of Law in support of his pending motions. Memo., ECF No. 50. On July 1, 2024, the Defendants filed an Opposition to the Plaintiff's Fourth Memorandum of Law. Opp'n., ECF No. 51. On July 2, 2024, the Plaintiff filed a Reply to the Defendant's Opposition to the Plaintiff's Fourth Memorandum of Law. Reply, ECF No. 52.

## II.     LEGAL STANDARD

When a party objects to a magistrate judge's report and recommendation, the court must "make a de novo determination of those portions of the report . . . to which objection is made," and the court "may accept, reject, or modify, in whole or in part, the findings or recommendations by the magistrate judge." 28 U.S.C. § 636(b)(1)(C) and FED. R. CIV. P. 72(b). The court must review the R&R de novo "*if objection is made,* but not otherwise." *United States v. Reyna–Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (emphasis in original).

## III.     ANALYSIS

### A.  Plaintiff's Objections to the R&R

The Plaintiff's arguments are disjointed, difficult to understand, and include arguments outside the scope of the R&R. As noted above, the court is only required to address objections to the R&R and, therefore, any argument that is outside the scope of the R&R will not be addressed by this court. *See* 28 U.S.C. Section 636(b)(1). The court discerns that the Plaintiff makes the

following objections with respect to the R&R: (i) the court should find that the Plaintiff has subject matter jurisdiction under both federal question jurisdiction and diversity jurisdiction; and (ii) the Plaintiff's Complaint should not be dismissed under Rule 12(b)(6). Obj. at 2, 4, 9,10, and 18, ECF No. 42.

### 1. Plaintiff Does Not Have Subject Matter Jurisdiction

"It is a fundamental precept that federal courts are courts of limited jurisdiction." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). The court presumes that "a cause lies outside this limited jurisdiction" until proven otherwise by the plaintiff. *Kokkonen v. Guardian Life Ins. of Am.*, 511 U.S. 375, 377 (1994). "A party invoking the federal court's jurisdiction has the burden of proving the actual existence of subject matter jurisdiction." *Thompson v. McCombe*, 99 F.3d 352, 353 (9th Cir. 1996). Federal courts are required to determine "*sua sponte* whether jurisdiction exists, regardless how the parties have framed their claims." *Naruto v. Slater*, 888 F.3d 418, 423 n.5 (9th Cir. 2018). While doing so, the court will construe the Plaintiff's *pro se* pleadings liberally and give the Plaintiff the benefit of any doubt. *Butler v. Long*, 752 F.3d 1177, 1180 (9th Cir. 2014).

Under Rule 12(b)(1), a defendant may raise a facial or factual attack to the court's subject matter jurisdiction. *Safe Air For Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). In a facial attack, "the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction [and] [b]y contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Id.* When ruling on such a motion, the court is not "restricted to the face of the pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction." *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988).

### a. Federal Question Jurisdiction

In order to prove that federal question jurisdiction exists, the Plaintiff's complaint must demonstrate that federal law created his cause of action "or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Cook Inlet Region, Inc. v. Rude*, 690 F.3d 1127, 1130 (9th Cir. 2012) (quoting *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 689–90 (2006)).

Courts use the "well-pleaded complaint rule" to determine whether a complaint has been brought under federal law. *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1243 (9th Cir. 2009) (quoting *Toumajian v. Frailey*, 135 F.3d 648, 653 (9th Cir.1998)). A complaint is well-pled "when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Id.* (quoting *Valles v. Ivy Hill Corp.*, 410 F.3d 1071, 1075 (9th Cir. 2005)).

The Plaintiff's complaint asserts that this court has jurisdiction "over local matters as well as Federal Claims, over 28 U.S.C. Claims, and Federal Claims concerning Constitution Treaties and Federal Law[.]" Compl. at 2, ECF No. 1. The Plaintiff also references due process in his complaint. *Id.* The Plaintiff's complaint does not clearly allege the federal laws his claims are based on. In his Objection, the Plaintiff argues that the court has federal question jurisdiction because his due process rights were violated under the Fifth and Fourteenth Amendments. Obj. at 2, 4, and 12, ECF No. 42. The Plaintiff alleges that he suffered "an immediate and irreparable denial" of his Fifth and Fourteenth Amendment rights when he lost his hospital privileges. *Id.* at 12. Defendant asserts that the Superior Court of Guam violated his due process by refusing to transfer his claim to the North Carolina District Court. *Id.* at 4.

The Fifth Amendment applies to federal actors and the Fourteenth amendment applies to state actors. *Betts v. Brady*, 316 U.S. 455, 462 (1942) ("Due process of law is secured against invasion by the federal Government by the Fifth Amendment and is safeguarded against state

1    action in identical words by the Fourteenth.") (*overruled on other grounds by Gideon v.*

2    *Wainwright*, 372 U.S. 335 (1963)). Here, the Fifth Amendment does not apply because the

3    Defendants are not federal actors, and the Fourteenth Amendment does not apply because the

4    Defendants are not state actors. The Defendants are private lawyers who represent PCMH in

5    Guam. Thus, the Plaintiff's Fifth and Fourteenth Amendment claims fail. The court finds that

6    federal question jurisdiction does not exist here because the Plaintiff's complaint fails to allege a

7    federal question on the face of his complaint.

8    **b. Diversity Jurisdiction**

9    For a Plaintiff to successfully assert diversity jurisdiction, two requirements must be met,

10    (1) the amount in controversy, exclusive of interest and costs, is more than $75,000 and (2) the

11    matter is between citizens of different states or subjects of a foreign state. *Seismic Reservoir 2020,*

12    *Inc. v. Paulsson*, 785 F.3d 330, 334 (9th Cir. 2015) and *see* 28 U.S.C. § 1332(a)(2).

13    Under the first prong, the Plaintiff's complaint fails to allege that the amount in controversy

14    exceeds $75,000.00 or any amount at all. Therefore, under prong one alone, Plaintiff cannot

15    establish diversity jurisdiction. 28 U.S.C. § 1332.

16    Assuming *arguendo*, that the Plaintiff established the first prong, the Plaintiff fails to

17    establish diversity of citizenship required under the second prong. Under diversity jurisdiction,

18    "[a] person's state of citizenship is established by domicile, not simply residence, and a residential

19    address [in a certain state or territory] does not guarantee that the person's legal domicile" is in

20    that certain state or territory. *King v. Great American Chicken Corp., Inc.*, 903 F.3d 875, 879 (9th

21    Cir. 2018). A person is domiciled in their "permanent home, where [they] reside[] with the

22    intention to remain or to which [they] intend[] to return." *Kanter v. Warner-Lambert Co.*, 265 F.3d

23    853, 857 (9th Cir. 2001).

24

In order to prove that he was domiciled in Florida for purposes of diversity jurisdiction in this action, the Plaintiff is required to allege that he was domiciled in Florida at the time of filing the complaint. *Fredericks v. Carpenter*, 233 Fed. Appx. 616, 618 (9th Cir. 2007) (citing *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985)). The Plaintiff alleges in the complaint that he is a resident of St. Petersburg, Florida, and that the Defendants are residents of Guam. *See* Compl. at 2, ECF No. 1 and Reply at 13, ECF No. 11. However, the Plaintiff does not allege proof to support his claim that he is a citizen of Florida. In the Plaintiff's Objection, he asserts that he is domiciled in Florida and attaches exhibits all containing an address in St. Petersburg, Florida. Obj. at 9, ECF No. 42. The exhibits include the Plaintiff's Florida driver's license issued on May 4, 2021; an IRS document dated January 8, 2024; a car registration showing a vehicle purchase date of January 28, 2021; an email dated March 4, 2024 which contains images of undated envelopes from various banks and pages from what seem to be bills; and a bill from Chase dated March 16, 2024. *Id.* at 19-28. The Plaintiff claims to have attached his voter registration but the Objection does not contain such an attachment. *Id*. at 9.

The documents filed by the Plaintiff in his objection demonstrate that he was in Florida in 2021, the year his driver's license was issued, and that he has an address that can receive mail. Obj. at 19-28, ECF No. 42. However, he does not demonstrate that he was domiciled in Florida on June 20, 2023, the date the complaint was filed. *See* Compl., ECF No. 1. To the contrary, the Defendants assert and provide overwhelming support to show that Plaintiff is domiciled in Guam. *See* Decl., ECF No. 8. The Declaration of Counsel for the Defendants' Motion to Dismiss and for Sanctions attaches twenty-two (22) exhibits demonstrating overwhelming support for the assertion that Plaintiff is, in fact, a resident of Guam. *See* Decl. at 1-116, ECF No. 8. The exhibits the Defendants submitted range between 2007-2023 and the majority of them point to Plaintiff's residence as being "1406 North Marine Corps Drive, Upper Tumon, GU 96913" ("Plaintiff's

Guam address"). *Id.* at 7-116. Included in the exhibits are letters from the Plaintiff himself, on his letter head, with Plaintiff's Guam address printed across the top or printed on the bottom left-hand side of the page. *Id.* at 17, 19, and 21. Also included in the exhibits are 2017, 2019, and 2021 medical license renewal applications to the Guam Board of Medical Examiners ("GBME") with Plaintiff's Guam address listed as his mailing and work address. *Id.* at 23, 25, 31, 33, and 37. The list of documents provided by the Defendants that contain the Plaintiff's Guam address as his mailing address are extensive. *Id.* at 1-116. Based on the evidence presented, the Plaintiff fails to allege that he was domiciled in Florida at the time the complaint was filed and, therefore, the second prong of diversity jurisdiction is not met. The court finds that diversity jurisdiction does not exist in this case.[5] *See* 28 U.S.C. § 1332.

### 2. The Plaintiff's Complaint Fails to State a Claim Upon Which Relief Can Be Granted

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a party may assert a defense to a complaint for "failure to state a claim upon which relief can be granted[.]" To determine whether a party has sufficiently stated a claim for relief, the court looks to Federal Rule of Civil Procedure 8. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To satisfy Rule 8, the complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The pleading standard under Rule 8 "does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

On a Rule 12(b)(6) motion to dismiss, all allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. *Twombly*, 550 U.S. at 571. "[F]actual

---

[5] Notably, this court previously found that Plaintiff is domiciled in Guam. *Philips*, 2019 WL 4794514, at *1–*2. This court held that "[t]he [c]omplaint does not assert diversity of citizenship between the parties, nor does it allege that the amount in controversy exceeds $75,000." *Id.*

1    challenges to a plaintiff's complaint have no bearing on the legal sufficiency of the allegations

2    under Rule 12(b)(6)." *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). "As a general

3    rule, 'a district court may not consider any material beyond the pleadings in ruling on a Rule

4    12(b)(6) motion.'" *Id*. (citations omitted).

5          In his Objection, the Plaintiff argues that "[t]he court erred in its recommendation to

6    dismiss for failure to state a claim under Rule 12(b)(6) because even without discovery plaintiff

7    provided the court with evidence supporting his claims for breaching the Fair Debt Collection

8    Practice Act." Obj. at 18, ECF No. 42 (emphasis omitted).[6] The allegations in the complaint are

9    hard to decipher. From what the court can glean, the allegations amount to the following: (1)

10    Plaintiff was served with U.S. Mail in September 2022 that contained an old and distorted court

11    stamp and claims that this was a fraud on the court but fails to state who committed the "fraud";

12    (2) on September 14, 2022, the Plaintiff was served by Defendants' lawyer with the "notice of a

13    hearing with a different date of hearing[,]" signed by the deputy clerk supervisor, and this

14    amounted to Defendants' committing fraud on the court and harassment; (3) the local lawyer was

15    "untruthful" in court with respect to a Guam Supreme Court order; (4) the local lawyer threatened

16    Plaintiff during the last hearing stating that the local lawyer will "lock him up[;]" and (4) the local

17    lawyer "manipulated poor knowledge about" Plaintiff's case progress at the "Guam Satellite Court

18    to get [*sic*] Fraudulent Order[.]". *Id.* at 9-10.

19          Plaintiff's complaint is disjointed and filled with conclusory allegations unsupported by

20    facts and law. The court is not required to accept as true "allegations that are merely conclusory,

21

22

23

24

---

[6] In the R&R, the U.S. Magistrate Judge correctly found that because Rule 12(b)(1) is dispositive, there was no need for the court to discuss the Defendant's second basis for its Motion to Dismiss, Rule 12(b)(6). R. & R. at 4 n.1, ECF No. 40. Nevertheless, the court will address it in this order because he objected to the R&R's recommendation with respect to Rule 12(b)(6). Obj. at 18, ECF No. 42.

unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) (citing *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994)). It is unclear what harm or violation he is alleging throughout the complaint. The Plaintiff's complaint is not required to give intricate details regarding his factual claims, but he is required to state more than conclusory statements. *Ashcroft*, 556 U.S. at 678. Without a clear and plain statement that satisfies Rule 8, the court finds that the Plaintiff's complaint fails to state a claim upon which the court can grant relief.

## B. The Defendants' Motion for Sanctions

When a motion for sanctions is brought under Rule 11, the court asks whether Rule 11(b) has been violated. *Lopez v. Stages of Beauty*, LLC, 307 F. Supp. 3d 1058, 1074 (S.D. Cal. 2018) (quoting *Warren v. Guelker*, 29 F.3d 1386, 1389 (9th Cir. 1994)). Rule 11(b)(1)-(2) provides, in pertinent part, that,

> [b]y presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; [and]
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law[.]

The court has the power to "impose an appropriate sanction on any attorney, law firm, or party that violated [Rule 11] or is responsible for the violation" and, only after notice and a reasonable opportunity to respond. FED. R. CIV. P. 11(c)(1) and FED. R. CIV. P. 11 advisory committee notes to 1993 amendment. "[S]anctions must be imposed on the signer of a paper if

either a) the paper is filed for an improper purpose, or b) the paper is 'frivolous.'" *Townsend v. Holman Consulting Corp.*, 929 F.2d 1358, 1362 (9th Cir. 1990).

The court is not required to find that the moving party had "subjective bad faith." *Gottschalk v. City and Cnty. of San Francisco*, 964 F. Supp. 2d 1147, 1168 (N.D. Cal. 2013) (quoting *Yagman v. Republic Ins.*, 987 F.2d 622, 628 (9th Cir. 1993)). Instead, the court uses an objective standard to determine whether a reasonable basis for the party's position "exists in both law and in fact at the time the position is adopted," and, if the court finds that a reasonable basis exists, sanctions should not be imposed. *Golden Eagle Distrib. Corp. v. Burroughs Corp.*, 801 F.2d 1531, 1537-38 (9th Cir. 1986), *superseded by statute on other grounds*. Parties that are represented by counsel "should be held to an objective standard of 'reasonable inquiry' into the facts." *Bus. Guides, Inc. v. Chromatic Commc'ns Enters., Inc.*, 892 F.2d 802, 811 (9th Cir. 1989), *aff'd*, 498 U.S. 533 (1991) and *see In re Keegan Mgmt Co., Secs. Litig.*, 78 F.3d 431, 434 (9th Cir. 1996) (holding that "[a]n attorney may not be sanctioned for a complaint that is not well-founded, so long as she conducted a reasonable inquiry.").

While the court applies the objective standard of reasonableness to *pro se* litigants, the court has "sufficient discretion" to consider the "special circumstances" that may arise in a *pro se* litigant's case. *Bus. Guides, Inc.*, 892 F.2d at 811 (quoting FED. R. CIV. P. 11 advisory committee notes to 1983 amendment). The standard is objective reasonableness under the specific circumstances. *Id.*

In his Objection, the Plaintiff argues that the U.S. Magistrate Judge erred by finding that the Plaintiff's "new claims" against the Defendants are another attempt by the Plaintiff to re-litigate claims that were already lost in state and federal courts. Obj. at 2, ECF No. 42. The Plaintiff argues that the complaint states entirely new claims against the Defendant for "breaching the Fair Debt Collection Practice Act, Tort, Slander Defamation, Harassment, Fraud Upon the court, Fraud In

The Court, and Rule 54 ( 2 ) ( b ) [*sic*]."[7] *Id.* The Plaintiff also argues that the District Court of Guam "acted as a lawyer during the procedure and granted legal fees without mention of any statute or case law" and claims it was an abuse of discretion. *Id.* at 18.

The court finds that imposing monetary sanctions under Rule 11(b)(1) and (b)(2) against the Plaintiff is warranted. Under Rule 11(b)(1), the court finds that the Plaintiff filed his complaint against the Defendants for the improper purpose of harassment and to delay his obligation to pay under the judgment in the Enforcement Action. It is clear from the record that the Plaintiff's complaint presents issues that have been resolved in previous litigations which suggest that the complaint was filed for an improper purpose. *See Aetna Life Ins. Co. v. Alla Med. Services, Inc.*, 855 F.2d 1470, 1477 (9th Cir. 1988) (finding that the "cumulative effect of a [party's] litigation tactics could indicate that the motion was filed for an improper purpose."). Additionally, the Plaintiff fails to provide any legal support for his allegations that this court acted as a lawyer and abused its discretion. Opp'n at 8, ECF No. 42. Furthermore, the Defendants have had to "delay legal work" in the Enforcement Action for their client in order to address this matter. *See* Decl. at 5, ECF No. 8. The court finds that Plaintiff's actions are simply a delay tactic.

The court also finds that imposing monetary sanctions against the Plaintiff under Rule 11(b)(2) is warranted. The court agrees with the Defendants' argument that the complaint "frivolously asserts" that Plaintiff is not domiciled in Guam "in order to create a false representation of diversity jurisdiction[.]" Mot. at 1, ECF No. 15. The Defendants also assert that, on March 31, 2023, the Supreme Court of Guam held that the Plaintiff "has been living and practicing medicine in Guam for nearly a decade [which] gives rise to general jurisdiction because [the Plaintiff's] activities within Guam are substantial, continuous, and systemic." *Id.* (quoting

---

[7] Although the Plaintiff alleges that he stated the "Fair Debt Collection Practice" in his complaint, the complaint does not refer to it. Obj. at 2, ECF No. 42.

Supreme Court of Guam Decision, CVA22-003). Additionally, the Defendants provide ample evidence that the Plaintiff was, in fact, domiciled in Guam at the time the complaint was filed. *See* Decl. at 1-116, ECF No. 8.

The Defendants' Motion for Sanctions is hereby **GRANTED**.

### C. Rule 59 Motion (Motion for Reconsideration)

The court has "discretion in granting or denying a motion for reconsideration." *Beaver v. Tarsadia Hotels*, 29 F. Supp. 3d 1294, 1301 (S.D. Cal. 2014), *aff'd*, 816 F.3d 1170 (9th Cir. 2016). However, a motion for reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (citing FED. R. CIV. PRO. 59(e)). A district court generally should not grant a motion for reconsideration "absent highly unusual circumstances," unless (1) the moving party presents newly discovered evidence, (2) the original ruling was clearly erroneous, or (3) there is an intervening change in the controlling law. *Id.* (quoting *389 Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)).

The Plaintiff alleges that the U.S. Magistrate Judge erred in denying the Plaintiff's Motion to Strike and Rule 11. Mot. at 2, ECF No. 43. The Plaintiff fails to allege facts to support his allegations and attempts to address matters already resolved in other proceedings. The court finds that the Rule 59 Motion is without merit and that the Plaintiff fails to demonstrate any of the three circumstances that would allow this court to reconsider the U.S. Magistrate Judge's order. The Plaintiff's Rule 59 Motion is hereby **DENIED**.

### D. Motion to Strike

Federal Rule of Civil Procedure 12(f) provides that the court "may strike from a *pleading* an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." (emphasis added). The purpose of a "motion to strike is to avoid the expenditure of time and money

that must arise from litigating spurious issues by dispensing with those issues prior to trial[.]" *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (quotations and citation omitted). Motions to strike are not favored by the court and "should not be granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation." *Colaprico v. Sun Microsystems, Inc.*, 758 F. Supp.2d 1335, 1339 (N.D. Cal. 1991).

The Plaintiff's Motion to Strike addresses two filings (1) the Defendants' Reply to the Plaintiff's Opposition to the R&R (ECF No. 46); and (2) the Defendants' Opposition to the Plaintiff's Rule 59 Motion (ECF No. 45). Mot. at 2, ECF No. 47. The Plaintiff argues that the two filings are "Meritless, malicious, and frivolous not supported by any statutes or a case of the law." *Id.* at 2. The rest of the Plaintiff's arguments are disjointed, hard to decipher, and refer to proceedings in other courts. *Id.* at 2-4. The Plaintiff seems to address the Defendant's Motion to Dismiss and the findings in the R&R. Mot., ECF No. 6 and R&R, ECF No. 40. Plaintiff also asks the court for legal fees and sanctions for "Fraudulent Allegations and [*sic*] reject all of the defendant's Frivolous and malicious Motions." Mot., ECF No. 47.

The court finds the Plaintiff's Motion to Strike meritless. The Plaintiff points to two filings made by the Defendants as the subject of his Motion to Strike. However, the Plaintiff does not specify why each particular motion should be stricken beyond arguing that both filings are "Meritless, malicious, and frivolous" and are not supported by the law. Mot., ECF No. 47. A close review of the Defendant's Reply to the Plaintiff's Opposition to the R&R demonstrates that the filing is not "redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f). The Defendants' address the arguments laid out in Plaintiff's Opposition and are entirely relevant to it. Reply, ECF No. 46. A close review of the Defendants' Opposition to the Plaintiff's Rule 59 Motion reveals the same. Opp'n, ECF No. 45. The Defendants cite to the correct rule and standard for a

Motion to Reconsider and address the arguments raised in the Plaintiff's filing. *Id.* at 2-4. The court hereby **DENIES** the Plaintiff's Motion to Strike.

### E. LEAVE TO AMEND

The court finds that granting leave to amend in this case would be futile. *See Wheeler v. City of Santa Clara*, 894 F.3d 1046, 1059 (9th Cir. 2018). "An amendment is futile when no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Missouri ex rel. Koster v. Harris*, 847 F.3d 646, 656 (9th Cir. 2017) (internal quotations marks omitted).

The Plaintiff has failed to meet the jurisdictional requirement to bring a case in this court and has failed to state a claim upon which relief can be granted. *See* 28 U.S.C. §§ 1331-1332 and FED. R. CIV. P. 12(b)(6). Generally, when a court dismisses a matter for lack of subject matter jurisdiction it is dismissed without prejudice. *Missouri ex rel. Koster*, 847 F.3d at 656. However, "[t]he theory undergirding the general rule is that 'the merits have not been considered' before dismissal." *Id.* (quoting *Cooper v. Ramos*, 704 F.3d 772, 777 (9th Cir. 2012)).

The court has considered the merits of the case and finds that the complaint is based on allegations resolved in prior proceedings (i.e., *Philips* V, VI, and VII), and is unsupported by facts. Additionally, the court finds that the Plaintiff will not be able to sufficiently allege that he meets the citizenship requirement that would allow him to bring his complaint under diversity jurisdiction because the record clearly shows that he is a resident of Guam. Therefore, the court finds that granting leave to amend the Complaint would be futile.

### IV. CONCLUSION

Based on the foregoing, the court **ADOPTS** the U.S. Magistrate Judge's recommendation in its entirety and hereby finds the following:

1. The Defendants' Motion to Dismiss is **GRANTED with prejudice.**

2. The Defendants' Motions for Judicial Notice are **GRANTED**;

3. The Defendants' Motion for Sanctions is **GRANTED.** Defendants shall file a brief detailing billings with respect to the attorney's fees and related nontaxable expenses incurred as a result of defending this action along with any supporting documents. The Defendants shall file their brief by August 26, 2024, and the Plaintiff's response is due no later than September 3, 2024;

4. The Plaintiff's Rule 59 Motion is **DENIED**; and

5. The Plaintiff's Motion to Strike is **DENIED**.

**SO ORDERED.**



**/s/ Frances M. Tydingco-Gatewood**
        **Chief Judge**
**Dated: Aug 19, 2024**