**THE DISTRICT COURT OF GUAM**

| | |
|---|---|
| SHERIF A. PHILIPS, MD,<br><br>        Plaintiff,<br><br>vs.<br><br>MICHAEL BERMAN and DANIEL BERMAN,<br><br>        Defendants. | CIVIL CASE NO. 23-00017<br><br>**DECISION AND ORDER, DENYING PLAINTIFF'S "SET ASIDE JUDGMENT" (ECF NO. 59), GRANTING DEFENDANTS' REQUEST FOR ENTRY OF ORDER (ECF NO. 62), AND IMPOSING SANCTIONS** |

      Before the court is Plaintiff Sherif A. Philips' "Set Aside Judgment" (ECF No. 59), which appears to be filed as motion requesting that the court reconsider its Order Adopting Report and Recommendation (ECF No. 53). Because Plaintiff filed the "Set Aside Judgment" after he filed his notice of appeal (ECF No. 55), the Ninth Circuit ordered appellate proceedings to be held in abeyance until this court resolves the motion pursuant to Federal Rule of Appellate Procedure 4(a)(4). *See* Order of USCA, ECF No. 61. More recently, Defendants Michael Berman and Daniel Berman have filed a request for entry of order denying "Set Aside Judgment," consistent with the Ninth Circuit's order. ECF No. 62.

      Also before the court is Defendants Daniel Berman and Michael Berman's declaration of attorneys' fees and costs incurred from defending this action, which the court ordered them to

file after granting the Motion for Sanctions. Decl., ECF No. 56; *see also* Order at 18, ECF No. 53. The court also ordered Plaintiff to respond, but he did not.[1] Although appellate proceedings are held in abeyance for resolution of Plaintiff's "Set Aside Judgment" filing, the court addresses the outstanding issue of setting reasonable attorneys' fees and costs as sanctions on Plaintiff in the event that the Ninth Circuit remands proceedings for a final order on the Motion for Sanctions.

Plaintiff is proceeding pro se and was declared a vexatious litigant in this court on December 17, 2024.[2] *See Philips v. Pitt Cnty. Mem. Hosp., Inc.*, Civil Case No. 23-00025, 2024 WL 5132119 (D. Guam Dec. 17, 2024). The court has reviewed the record and the relevant case law and deems this matter suitable for submission without oral argument.

For the reasons stated below, the court hereby **DENIES** Plaintiff's motion, "Set Aside Judgment," and **GRANTS** Defendants' Request for Entry of Order. The court will issue a separate order requiring Plaintiff to remit $19,375.63 in reasonable attorneys' fees and costs as Rule 11(b)(1) and (b)(2) sanctions to Defendants in the event that the Ninth Circuit remands Plaintiff's appeal for a determination of sanctions or the Ninth Circuit affirms this court's order.

I. **Background**

The court previously recounted the relevant factual and procedural background in this case, though one need only review the record and Plaintiff's filings to understand the court's basis for imposing monetary sanctions. *See* Order, ECF No. 53. The background included in the court's August 19, 2024 Order is therefore incorporated by reference. *Id.* Plaintiff has engaged in

---

[1] The court does not construe Plaintiff's "Set Aside Judgment" as a response to Defendants' declaration.

[2] The court notes that Plaintiff has also appealed the court's decision declaring him a vexatious litigant in his other case, Civil Case No. 23-00025.

Case 1:23-cv-00017   Document 63   Filed 03/10/25   Page 2 of 11

a pattern of filing meritless documents that only serve to increase litigation over previously litigated claims and to impose unnecessary costs on the Defendants and the court.

In response to the Ninth Circuit's November 19, 2024 Order, the court first addresses Plaintiff's motion titled "Set Aside Judgment" before addressing Defendants' Request for Entry of Order and Declaration.

**II.    "Set Aside Judgment"**

On August 20, 2024, Plaintiff appealed the court's order denying his objection to the Report and Recommendation, adopting the Report and Recommendation, and denying his Rule 59 Motion and Motion to Strike. ECF Nos. 53, 55. Then, on August 27, 2024, Plaintiff filed the motion titled "Set Aside Judgment." *See* ECF No. 59. Pursuant to Federal Rule of Appellate Procedure 4(a)(4), the Ninth Circuit issued an order that held the appellate proceedings in abeyance pending this court's resolution of Plaintiff's "Set Aside Judgment." *See* Order, ECF No. 61.

The court construes Plaintiff's filing as a motion for reconsideration made under Federal Rule of Civil Procedure 59(e) to alter or amend the court's judgment because such motion was filed eight days after the court's order. *See* FED. R. CIV. P. 59(e); *see also Am. Ironworks & Erectors, Inc. v. N. Am. Constr. Corp.*, 248 F.3d 892, 898-89 (9th Cir. 2001) (explaining the procedural difference between Rules 59(e) and 60). Therein, Plaintiff stated two grounds upon which the court should "set aside judgment": (1) lack of jurisdiction, and (2) fraud upon the court. *Id.* at 2. Plaintiff's filing is difficult to understand, but from what the court can discern, Plaintiff's first argument is that the court's jurisdiction is terminated because he appealed the court's August 19, 2024 Order. *Id.* at 2; *see also* Order, ECF No. 53; Notice of Appeal, ECF No. 55. Plaintiff's second argument appears to be that there was "fraud upon the court" because it

omitted evidence of his domicile in Florida, in violation of the Fourteenth Amendment, and that there are other instances of "Fraud upon the court," such as "Error in Law," "Irregularity in the proceedings of the court," "Any order of the court of Abuse of Discretion," "there is no evidence or reasonable inference from the evidence to justify the order," and "[t]he Guam courts were acting as a lawyer during the proceeding as if they wrote the defends defendant briefing- The Plaintiff is pursuing to U.S. Code § 455(5)(II)." Set Aside J. at 2-3, ECF No. 59. Plaintiff's requested relief is for the court to "Accept his motion and follow the law as prescribed (Stop the creativity)" and to "Mandate to Transfer all of his claims either to the 9th Circuit or the right District." *Id.* at 7.

Defendants responded, pointing out that Plaintiff's filing violates Rule 7 of this court's Civil Local Rules, that Plaintiff's requested relief is beyond the jurisdiction of this court, and that Plaintiff's filing is yet another example of his meritless and vexatious pattern of filing in this court and others. Opp'n at 1-4. ECF No. 60. Defendants further request that the time they spent responding to Plaintiff's filing should be included in the court's determination of sanctions. *Id.* at 2-3.[3] Defendants have since requested that the court enter an order denying Plaintiff's "Set Aside Judgment" considering the Ninth Circuit Order. ECF No. 62; *see also* Order, ECF No. 61.

Under Rule 59(e), the court has "considerable discretion when considering a motion to amend a judgment under Rule 59(e)." *Turner v. Burlington N. Santa Fe R.R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003). Rule 59(e) is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of*

---

[3] The court will not address such request herein on the ground that the motion for additional sanctions is not properly made under Federal Rule of Civil Procedure 11, and the court has not independently provided notice and reasonable opportunity to respond to the imposition of sanctions for Plaintiff's recent filing. *See* Fed. R. Civ. P. 11(c).

*Bishop*, 229 F.3d 1253, 1255 (9th Cir. 1999) (internal quotation marks and citations omitted). As such, parties may not use a Rule 59(e) motion "to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008); *Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001). A Rule 59(e) motion may only be granted if it "is presented with newly discovered evidence, committed clear error, or there is an intervening change in the controlling law." *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (internal quotation marks and citation omitted).

As an initial matter, Plaintiff is correct in stating that he appealed this court's August 19, 2024 Order and that his appeal is pending before the Ninth Circuit. *See* Set Aside J. at 2, ECF No. 59. However, Plaintiff filed his notice of appeal before Defendants had an opportunity to respond to the court's order and, thus, the court had not yet entered a final order setting sanctions against Plaintiff. Appellate proceedings have since been held in abeyance until this court addresses his motion to "Set Aside Judgment." *See* Order, ECF No. 61. Functionally, Plaintiff's jurisdictional argument appears to be an attempt to foreclose this court's ability to enter a final order setting sanctions following the filing of Defendants' declaration. The court rejects this argument. In addition to resolving the remainder of Plaintiff's "Set Aside Judgment" motion, the court also addresses the outstanding matter of reasonable sanctions to be imposed if the Ninth Circuit would remand for this court to enter a final order on the Motion for Sanctions.[4]

Plaintiff's second argument is that there was "fraud upon the court." Set Aside J. at 2-3, ECF No. 59. Plaintiff has failed to allege facts or make arguments that show any "newly

---

[4] The court does so to avoid wasting additional time and resources. *Cf. In re Rains*, 428 F.3d 893, 903-04 (9th Cir. 2005).

discovered evidence," or that the court "committed clear error," or that "there is an intervening change in the controlling law." *McDowell*, 197 F.3d at 1255. Instead, Plaintiff uses his motion to relitigate matters already resolved or that could have been raised prior to entry of judgment. *Baker*, 554 U.S. at 485 n.5; *Zimmerman*, 255 F.3d at 740. Either way, Plaintiff's filing is without merit.

Both the Magistrate Judge in his Report and Recommendation and the court upon de novo review found that Plaintiff did not adequately support his argument in support of diversity jurisdiction. The court reiterates the following excerpt as an example:

> The documents filed by the Plaintiff in his objection demonstrate that he was in Florida in 2021, the year his driver's license was issued, and that he has an address that can receive mail. Obj. at 19-28, ECF No. 42. However, he does not demonstrate that he was domiciled in Florida on June 20, 2023, the date the complaint was filed. See Compl., ECF No. 1. To the contrary, the Defendants assert and provide overwhelming support to show that Plaintiff is domiciled in Guam. See Decl., ECF No. 8.

Order at 9, ECF No. 53. This is not news to Plaintiff. He has, again, asserted no compelling justification or additional facts for the court to alter or amend its judgment on this matter.

The court also finds that Plaintiff has not adequately supported his request to "set aside judgment" on any of the other matters raised in his filing. Rather than substantiating his claims, Plaintiff supports his filing with arguments about the merits of claims addressed in other proceedings, particularly those from other local, state, and federal courts. *See* Set Aside J. at 3-6, ECF No. 59. Plaintiff also fails to cite any authority or provide sufficient evidence that warrants reconsideration of the court's August 19, 2024 Order. At most, Plaintiff claims that "losing a complaint never meant that [his] complaint was malicious and frivolous [or that] the prevailing party was entitled to the legal fees," that "the court order has never been supported by any [s]tatutes or cases of law," and that he was "defending his reputation, career, his private property,

and money earning." *Id.* at 5-6 (emphasis omitted). Even so, Plaintiff provides no cognizable or compelling reason to support those conclusions. Accordingly, the court rejects Plaintiff's meritless and inadequately plead arguments that there is "fraud upon the court" that warrants the court altering or amending its August 19, 2024 Order.

Finally, the court also agrees with Defendants that the court lacks jurisdiction to grant Plaintiff's requested relief. Having rejected Plaintiff's arguments on the merits, the court finds no reasonable ground to "accept his motion and follow the law," as he requests. The court also cannot "mandate to transfer all of his claims either to the 9th Circuit or the right District" given that Plaintiff (1) has already appealed this court's order to the Ninth Circuit, (2) has not given adequate grounds for a transfer of venue, and (3) once again failed to provide any authority for the court to take such actions. Accordingly, the court denies Plaintiff's requested relief.

Therefore, Plaintiff's motion titled "Set Aside Judgment" is denied in its entirety. As a result, Defendants' request for an entry of order denying such filing is granted.

### III. Reasonable Sanctions

As discussed above, the court conducts the following analysis in the event that the Ninth Circuit remands or dismisses the appeals for this court to enter a final order setting reasonable attorneys' fees and costs as sanctions pursuant to the court's August 19, 2024 Order.

On August 19, 2024, the court granted Defendants' Motion for Sanctions, finding that "imposing monetary sanctions under Rule 11(b)(1) and (b)(2) against the Plaintiff is warranted." Order at 14-15, ECF No. 53 (explaining bases for imposition of sanctions under Rules 11(b)(1) and (b)(2)); *Philips v. Berman*, Civil Case No. 23-00017, 2024 WL 3859161, at *8.

Defendants then filed the Declaration of Counsel Re: Fees and Costs for Order Adopting Report and Recommendation, which details reasonable fees and costs incurred by Defendants

"as a result of defending this action" pursuant to the court's order. *See* Decl. at 1-2, ECF No. 56; *see also* Order, ECF No. 53. Defendants calculated a total of $19,437.50 in legal fees, which consists of 77.75 hours at $250.00 per hour from June 26, 2023, through August 19, 2024. In addition, Defendants incurred $0.63 in cost for postage to mail documents to Plaintiff. *See* Decl. at 2, ECF No. 56. The total amount requested in legal fees and costs is $19,438.13. Defendants explain that this includes "only the defense of this Civil Action No. 23-00017." *Id.* It *does not* include:

> [A]ny legal work on the defense of the eight (8) civil appeals prosecuted by Philips against the Order of the Superior Court of Guam Trial Court in 23-00025, nor the Motion to Compel and Subpoena discovery work against RSA-Tumon, nor the Motion for Charging Order, nor the PCMH Oppositions to several Motions to Strike and Rule 59 filed by Philips in CV0478-18.

*Id.* Defendants supplement their declaration with a forty-two-page log that details the legal work performed, the number of hours worked (to the nearest quarter-hour), and total cost incurred. *Id.* at Ex. A.

  Here, Plaintiff has been informed of Defendants' intent to seek sanctions. *See* ECF No. 14-16; *see also* R. & R., ECF No. 40. Defendants' Motion for Sanctions and supporting declaration adequately identify the offending conduct, comply with Rule 11, and adequately cite to legal authority in support of their motion. *See* ECF Nos. 14-17, 21. Plaintiff has also had numerous opportunities to respond, and he has done so. *E.g.*, ECF Nos. 18, 42, 46, 50, 52. In every response, however, Plaintiff has failed to explain why sanctions should not be imposed or why his conduct falls outside the scope of Rule 11. Thus, having previously explained how Plaintiff's conduct warrants Rule 11 sanctions, the court must now determine whether the attorneys' fees and costs requested by Defendants are reasonable.

  To do so, the court first calculates a "lodestar" figure "by multiplying the number of

hours it finds the prevailing party expended on the litigation by a reasonable hourly rate." *McGrath v. County of Nevada*, 67 F.3d 248, 252 (9th Cir. 1995) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). The court then determines whether the lodestar should be adjusted to accurately reflect a reasonable fee by looking at the factors discussed in *Kerr v. Screen Extras Guild*, 526 F.2d 67, 70 (9th Cir. 1975).[5] Defense counsels bear the burden of establishing an entitlement to an attorneys' fee award and "documenting the appropriate hours expended and hourly rates." *Hensley*, 461 U.S. at 437. Defense counsels also bear the burden of producing evidence the "requested rates are in line with those prevailing in the community similar services by lawyers of reasonably comparable skill, experience, and reputation." *Sorenson v. Mink*, 239 F.3d 1140, 1145 (9th Cir. 2001) (quoting *Blum v. Stenson*, 465 U.S. 886, 895 1984). The court maintains discretion to reduce the number of hours, or the amount requested, if the documentation is inadequate, or if the time is excessive, redundant, or otherwise unnecessary. *See Cunningham v. County of Los Angeles*, 879 F.2d 481, 484 (9th Cir. 1988); *Sorenson*, 239 F.3d at 1145.

      The court has reviewed Defendants' billing entries in their fee request for the period of June 26, 2023, through August 19, 2024, and finds that the descriptions of the tasks were sufficiently detailed and are accounted for at a reasonable rate. Therefore, Defendants have met their first burden of documenting the hours expended and rates charged for their work defending this action. For work performed from June 26, 2023, through August 19, 2024, Defendants seek

---

[5] The twelve *Kerr* factors bearing on reasonableness are: "(1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the 'undesirability' of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases." *Kerr*, 526 F.2d at 70.

$19,437.50. Decl. at 2, ECF No. 56. They calculate this amount by appending their declaration with a billing log that details the work performed in defending in this case, the total number of hours for each task (totaling 77.75 hours), and the hourly rate ($250.00 per hour). *Id.* at 2, Ex. A. However, in one entry from June 27, 2023, Defendants included 0.25 hours of work for "[d]raft[ing] PACER request re: 22-cv-00014, case against Guam Courts." *Id.* at 8, Ex. A. The court excludes this entry from its calculation of reasonable attorneys' fees because it accounts for work related to a different civil case involving Plaintiff. Therefore, the total attorneys' fees become $19,375.00 for 77.50 hours of work, which Defendant have sufficiently documented.

Defendants did not, however, adequately supplement their declaration with evidence that their requested rates are in accordance with those on Guam for similar services performed by similarly experienced attorneys. *Sorenson*, 239 F.3d at 1145; *see also, e.g.*, *Goldwater Bank, N.A. v. Elizarov*, No. 5:21-cv-00616-JWH-SP, 2023 WL 4295255, at *7 (C.D. Cal. May 9, 2023). Nonetheless, the court finds that the rate of $250.00 per hour is reasonable. Defendant Michael Berman has been practicing on Guam since January 6, 1989, and has been practicing in this court since April 16, 1990. Defendant Daniel Berman has been practicing on Guam since May 29, 1991, and has been practicing in this court since June 5, 1991. From the court's perspective, the requested rate of $250.00 per hour is very reasonable considering that the attorneys each have more than thirty years of experience practicing on Guam and in this court. The court further finds $250.00 per hour to be in accordance, and even on the lower end, of rates that it has reviewed for similarly experienced lawyers performing similar services on Guam.

Furthermore, the court finds no reason to adjust the attorneys' fees requested by Defendants under the *Kerr* factors. In fact, the court finds that most, if not all, of the twelve *Kerr* factors weigh in Defendants' favor. *See Kerr*, 526 F.2d at 70. Of greatest weight, Defendants

have invested numerous hours in defending this case, in addition to numerous others brought by the Plaintiff on Guam, and in each of those cases, Plaintiff's filings present convoluted and complicated, but nonetheless meritless, claims that Defendants were required to respond to. Therefore, the court will not adjust the $19,375.00 in attorneys' fees claimed by Defendants. The court also finds the postage cost in the amount of $0.63 to be reasonable.

Therefore, having previously granted Defendants' Motion for Sanctions, the court now fixes the amount of reasonable attorneys' fees and costs at $19,375.63 and awards that amount as sanctions payable to Defendants by Plaintiff. Upon resolution of Plaintiff's appeal to the Ninth Circuit, the court will issue an order that provides a sixty-day timeline for Plaintiff to make such payment to Defendants and that instructs Defendants to file confirmation of Plaintiff's payment thereafter.

## IV. Conclusion

For the reasons set forth above, Plaintiff Sherif A. Philips' motion, "Set Aside Judgment" (ECF No. 59) is **DENIED**, and Plaintiff's request for Entry of Order (ECF No. 62) is **GRANTED**. Additionally, in the event that the Ninth Circuit remands Plaintiff's case for determination of sanctions or the Ninth Circuit affirms this court's order, the court will issue a separate order requiring Plaintiff to remit to Defendants Michael Berman and Daniel Berman $19,375.63 in reasonably attorneys' fees and costs within sixty (60) days after the issuance of such order.

**SO ORDERED.**



/s/ Frances M. Tydingco-Gatewood
Chief Judge
Dated: Mar 10, 2025